UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION


ANGELA MALONE,

      Petitioner,

-vs-                                        Case No.  6:12-cv-355-Orl-37TBS

SECRETARY, DEPARTMENT
  OF CORRECTIONS, et al.,

      Respondents.

_____/

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1).   Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 17).   Petitioner was given the opportunity to file a reply, but she failed to do so.

### I.    *Procedural History*

Petitioner was charged by information with one count of robbery with a firearm (with a mask).   A jury trial was held, and Petitioner was convicted of the crime; however, the conviction was reversed and the case remanded for a new trial because

the trial court failed to conduct an appropriate *Nelson*[1] inquiry.  *See Malone v. State*, 852 so. 2d 412 (Fla. 5th DCA 2003).  A second jury trial was held, and Petitioner was again found guilty.  On January 12, 2005, Petitioner was adjudicated guilty of the crime and sentenced to imprisonment for a term of thirty years.  Petitioner filed a direct appeal with the Fifth District Court of Appeal, which affirmed *per curiam* on September 27, 2005.  Mandate was issued on October 14, 2005.

On March 3, 2008, Petitioner filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850,[2] which was denied on June 13, 2008.  The state appellate court affirmed the denial *per curiam* on December 2, 2008.  Mandate was issued on February 16, 2009.

On October 20, 2010, Petitioner filed a petition for writ of habeas corpus with the state appellate court, which was dismissed on November 4, 2010.  On March 25, 2011, Petitioner filed a second petition for writ of habeas corpus with the state appellate court, which was dismissed on April 11, 2011.

## II.  *Petitioner's Habeas Corpus Petition Is Untimely*

Pursuant to 28 U.S.C. § 2244,

---

[1]*Nelson v. State*, 274 So. 2d 256 (Fla. 4th DCA 1973) (establishing the procedure a trial court must follow, consistent with an indigent's right to effective representation, when a defendant expresses a desire to discharge court appointed counsel because of counsel's alleged incompetency).

[2]References to the filing date of pleadings by Petitioner *pro se* shall be the filing date under the mailbox rule.  *See Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999) (under the "mailbox rule," a pro se prisoner's motion to vacate, set aside, or correct sentence was filed on the date that he signed, executed, and delivered his petition to prison authorities for mailing).

(d)(1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

      (A)    the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review;

      (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;

      (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

      (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In the present case, the state appellate court entered its *per curiam* affirmance of Petitioner's conviction and sentence on September 27, 2005.  Petitioner then had ninety days, or through December 26, 2005, to petition the United States Supreme Court for a writ of certiorari.[3]  Thus, under § 2244(d)(1)(A), the judgment of conviction became final

---

[3]Rule 13 provides as follows:

The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice).  But if a petition for rehearing is timely filed in the lower court by any party,

on December 26, 2005, and Petitioner had through December 26, 2006, absent any tolling, to file a federal habeas petition.  The instant federal habeas petition was filed on February 27, 2012.

The Court is aware that Petitioner filed several post-conviction motions in the state court; however, those proceedings did not toll the statute of limitations because the one-year period expired before Petitioner initiated those actions.  *See Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004) (concluding "[a] state court filing after the federal habeas filing deadline does not revive it"); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").

Petitioner states the one-year period of limitation should be equitably tolled because 1) the judgment of conviction was void based on the trial court lacking jurisdiction over her case, and 2) she is "actually innocent."

The Court recognizes that equitable tolling applies when a movant shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*,130 S. Ct.

---

the time to file the petition for a writ of certiorari for all parties (whether or not they requested rehearing or joined in the petition for rehearing) runs from the date of the denial of the petition for rehearing or, if the petition for rehearing is granted, the subsequent entry of judgment.

Sup. Ct. R. 13(3).

2549, 2562 (2010) (quotation omitted). As to the first prong, the movant need only demonstrate "reasonable diligence" rather than "maximum feasible diligence." *Id.* at 2565 (quotations omitted). As to the second prong, an extraordinary circumstance is one that is both beyond the movant's control and unavoidable even with diligence. *Drew v. Dep't of Corrs.*, 297 F.3d 1278, 1286 (11th Cir. 2002).   Equitable tolling "is an extraordinary remedy which is typically applied sparingly," and the movant bears the burden of showing that it is warranted. *Drew*, 297 F.3d at 1286 (quotation omitted). When a movant has "not carried his burden of showing that he pursued his rights diligently," the court "need not decide whether [he] has established that an extraordinary circumstance stood in the way" of timely filing.  *Hutchinson v. Florida*, 677 F.3d 1097, 1103 (11th Cir. 2012).

Petitioner first argues that her failure to timely file should be excused because the trial court lacked jurisdiction to decide her case.  However, "there is no exception under AEDPA's statute of limitation for a §2254 claim that the state court lacked subject matter jurisdiction." *Blackshear v. McDonough*, 2008 WL 2312677, at *3 (M.D. Fla. June 4, 2008); *see also  Griffin v. Padula*, 518 F.Supp.2d 671, 677 (D.S.C. 2007) (determining that there is no exception under AEDPA for subject-matter jurisdiction claims); *Johnson v. Jones*, 2006 WL 2092601, at *2 (M.D. Ala. July 27, 2006) (finding that AEDPA's statute of limitation does not contain an exception for jurisdictional issues arising under state law). Consequently, this argument is without merit.

Petitioner next argues that she is "actually innocent." The actual innocence exception "is exceedingly narrow in scope," and a petitioner seeking to invoke it must "show that it is more likely than not that no reasonable juror would have convicted him." *Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). Moreover, "to be credible, a claim of actual innocence must be based on reliable evidence not presented at trial." *Id.* (quotation omitted); *see also Rozzelle v. Fla. Dep't of Corr.*, 672 F.3d 1000, 1017 (11th Cir. 2012) ("To support a claim of actual innocence, a time-barred § 2254 petitioner must present new reliable evidence such that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence.") (quotation omitted).

Here, Petitioner has not presented any new evidence to suggest that she did not commit the offense with which she was charged such that no reasonable juror would have convicted her. Consequently, the actual innocence exception does not save the instant petition from being time-barred under the AEDPA. As a result, Petitioner has not demonstrated that there is any basis upon which to extend the one-year deadline or that her petition should otherwise be subject to equitable tolling. Accordingly, the instant federal habeas corpus petition was untimely filed and must be denied.

Any of Petitioner's allegations that attempt to excuse her failure to file the instant petition within the one-year period of limitation and that are not specifically addressed herein have been found to be without merit.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.      The Petition for Writ of Habeas Corpus filed by Angela Malone (Doc. No. 1) is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2.      The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3.      This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Petitioner has failed to make a substantial showing of the denial of a constitutional right.[3]   Accordingly, a Certificate of Appealability is **DENIED** in this case.

   **DONE AND ORDERED** in Orlando, Florida, this 19th day of December, 2013.

                                                    ROY B. DALTON JR.
                                                    United States District Judge

---

[3]Pursuant to Rule 11 of the *Rules Governing Section 2254 Cases In the United States District Courts*,

   The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue.  If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2).  If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.  A motion to reconsider a denial does not extend the time to appeal.

Copies to:
OrlP-2 12/19
Angela Malone
Counsel of Record